# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Timmy J. Reichling, | Case No. 22-cv-0081 (JRT/HB) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| T.J. Fikes; Dr. Lavelley Wood; Dr. Warlick; R. Zaudkte; D. Drillings; J. Best; T. Scullard; White; Johnson; T. Radzewicz; and Federal Bureau of Prisons, Sandstone; | |
| Defendants. | |

**IT IS HEREBY ORDERED THAT:**

1. The application to proceed *in forma pauperis* of Plaintiff Timmy J. Reichling (ECF No. 10) is **GRANTED**.

2. Reichling must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Reichling does not complete and return the Marshal Service Forms within 30 days of this Order's date, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Reichling by the Court.

3. After the return of the completed Marshal Service Forms, the U.S. Marshals Service is directed to effect service of process on Defendants—in their official capacities with the United States—consistent with Rule 4(i)(2) of the Federal Rules of Civil Procedure.

4. Reichling must pay the unpaid balance—that is, $325.47—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Reichling is confined.

5. Reichling's various requests for the appointment of counsel (*see* ECF No. 9 at 8, ECF No. 11 at 1) are **DENIED** without prejudice. The decision to appoint counsel in civil proceedings is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases); *see also Cox v. Comm'r of Dep't of Hum. Servs.*, No. 19-CV-1956 (JRT/DTS), 2020 WL 1049114, at *3 (D. Minn. Jan. 31, 2020) (citing cases), *report and recommendation adopted*, 2020 WL 1043711 (D. Minn. Mar. 3, 2020). When deciding whether to appoint counsel in a case like this, the court should consider (among other things) "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases); *Williams v. Howard*, No. 20-CV-0439 (NEB/JFD), 2021 WL 4237610, at *2 (D. Minn. Sept. 17, 2021) (presenting similar list (quoting *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013)). At this early stage of the litigation, the Court has no reason to believe that litigating this action would be factually or legally complex. Nor does it appear to the Court that Reichling cannot investigate this action's facts or present his arguments to the Court. Finally, while this action may well involve conflicting testimony if the matter gets to depositions or trial, the Court

concludes that, at this time, this factor does not outweigh the others in play. At this point, then, the Court concludes that appointing counsel would not substantially benefit the Court.

**FURTHERMORE, IT IS HEREBY RECOMMENDED THAT** Reichling's various requests for a temporary restraining order ("TRO") or preliminary injunction preventing authorities from transferring him from the Federal Correctional Institution in Sandstone, Minnesota (*see* ECF Nos. 7, 11) be **DENIED**. As of today's date, it appears that Reichling has already been transferred from FCI-Sandstone, and is now being held at the Federal Correctional Institution in Seagoville, Texas. (*See* Docket.) As a result, his earlier TRO and/or preliminary-injunction requests are now moot.

Dated: May 6, 2022          s/*Hildy Bowbeer*_____
                            HILDY BOWBEER
                            United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).